UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | |
|---|---|
| NAOMI ODOM, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 6:18-CV-00083 |
| § | |
| CENTRAL MUTUAL INSURANCE § | |
| COMPANY, § | |
| § | |
| Defendant. § | |

# MEMORANDUM OPINION AND ORDER

This is a state-law breach of contract case. In 2017, Plaintiff Naomi Odom's property sustained hurricane damage from Hurricane Harvey. Odom filed a claim under her homeowner's insurance policy with Defendant Central Mutual Insurance Company ("Central Mutual"). After inspection, appraisal, and payment of her claim, Odom alleges that she is entitled to interest under the Texas Prompt Payment of Claims Act and attorneys' fees. Central Mutual alleges that it has already paid Odom all the interest that could possibly be recovered under Texas law and Odom is not entitled to attorneys' fees.

Pending before the Court is Central Mutual's Motion for Summary Judgement, (Dkt. No. 23). After reviewing the briefing from the Parties, the record and the applicable law, the Court **GRANTS IN PART** and **DENIES IN PART** Central Mutual's Motion. Odom's breach of contract and extra-contractual bad faith claims are **DISMISSED WITH PREJUDICE**. Odom's claims for interest under the Texas Prompt Payment of Claims Act and attorneys' fees remain.

I.      **BACKGROUND**[1]

In late August 2017, Hurricane Harvey hit the Texas Coast, including the Victoria, Texas area, damaging Odom's home and other property. (Dkt. No. 1 at 7). A few days later, Odom made a claim under her homeowner's insurance policy to Central Mutual. (*Id.*); (Dkt. No. 31 at 2). A little over a week later, Central Mutual Adjuster Rick Sanchez inspected Odom's property for damage. (Dkt. No. 23 at 3); (*See* Dkt. No. 31 at 2). Based on the inspection, Central Mutual determined that Odom's property sustained $38,938.27 in damages. (Dkt. No. 23 at 3); (Dkt. No. 31 at 2). Accordingly, in October, Central Mutual issued Odom a $34,938.29 check, which reflected the amount of damages less the $4,000 policy deductible. (Dkt. No. 23 at 3); (Dkt. No. 31 at 2). Shortly thereafter, Central Mutual made two additional payments totaling $7,987.07. (Dkt. No. 23 at 4); (Dkt. No. 31 at 2).

Unsatisfied with the amount paid up to this point, Odom's attorney sent a demand letter to Central Mutual on July 11, 2018, seeking additional reimbursement under the policy. (Dkt. No. 23 at 4); (Dkt. No. 31 at 2). Central Mutual re-inspected Odom's property and issued Odom an additional payment in the amount of $25,571.23. (Dkt. No. 23 at 5); (Dkt. No. 31 at 2).

On September 11, 2018, Odom filed suit against Central Mutual in Victoria County state court alleging breach of contract and other extra-contractual claims. (Dkt. No. 1 at 6–11). A few days later, Central Mutual removed the case to federal court where it was

---

[1] Except where noted, this Section contains only undisputed facts, which have been construed in the favor of the nonmovant. *See Scott v. Harris*, 550 U.S. 372, 378, 127 S.Ct. 1769, 1774, 167 L.Ed.2d 686 (2007).

assigned to the Hon. Kenneth M. Hoyt. (*Id.* at 1–4). Shortly after, Central Mutual made an appraisal demand under the terms of the insurance policy, which required each Party to appoint an appraiser. (Dkt. No. 23 at 5); (Dkt. No. 31 at 2). Judge Hoyt administratively closed the case pending completion of the appraisal. (*See* Dkt. No. 15).

The appraisal was completed on February 6, 2020, and Central Mutual issued Odom an additional $38,875.31 for damages sustained to her property. (Dkt. No. 23 at 5–6); (Dkt. No. 31 at 2). At that time, Central Mutual moved to reopen the case, (Dkt. No. 16), and it was reassigned to this Court. (Dkt. No. 20). Once the case was reopened, Odom maintained that she was entitled to interest and attorneys' fees. (Dkt. No. 23 at 7); (Dkt. No. 31 at 2). On October 26, 2020, Central Mutual made a payment in the amount of $3,655.83 for what it contends is the maximum amount of interest to which Odom is entitled. (Dkt. No. 23 at 7); (Dkt. No. 31 at 2). Odom argues that she is entitled to additional interest and attorneys' fees. (Dkt. No. 23 at 7); (Dkt. No. 31 at 2). On May 6, 2022, Central Mutual filed the pending Motion for Summary Judgment, (Dkt. No. 23). That Motion is now ripe for review.

## II.     LEGAL STANDARD

Summary judgment is appropriate when there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A material fact is one that might affect the outcome of the suit under governing law," and "a fact issue is genuine if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Renwick v. PNK Lake Charles, L.L.C.*, 901 F.3d 605, 611 (5th Cir. 2018) (internal quotation marks and citations omitted). The moving

3

party "always bears the initial responsibility of informing the district court of the basis for its motion," and identifying the record evidence "which it believes demonstrate[s] the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2253, 91 L.Ed.2d 265 (1986). "If the moving party fails to meet [its] initial burden, the motion [for summary judgment] must be denied, regardless of the nonmovant's response." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam).

If the movant meets this burden, the nonmovant must then come forward with specific facts showing there is a genuine issue for trial. Fed. R. Civ. P. 56(c); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). The nonmovant must "go beyond the pleadings and by [the nonmovant's] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Nola Spice Designs, L.L.C. v. Haydel Enters., Inc.*, 783 F.3d 527, 536 (5th Cir. 2015). "If the evidence is merely colorable, or is not significantly probative," summary judgment is appropriate. *Parrish v. Premier Directional Drilling, L.P.*, 917 F.3d 369, 378 (5th Cir. 2019) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986)). The nonmovant's burden "will not be satisfied by 'some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence.'" *Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005) (quoting *Little*, 37 F.3d at 1075). But the district court must view the evidence in the light most favorable

to the nonmovant and draws all reasonable inferences in the nonmovant's favor. *Coleman v. Hous. Indep. Sch. Dist.*, 113 F.3d 528, 533 (5th Cir. 1997).

## III. DISCUSSION

Odom's Complaint includes four claims. (Dkt. No. 1 at 8–10). First, Odom alleges that Central Mutual breached its insurance contract by underpaying the claim. (*Id.* at 8). Second, Odom alleges that Central Mutual paid the claim late in violation of Section 542.051 of the Texas Insurance Code, which entitles her to interest on her claim. (*Id.*). Third, Odom alleges that Central Mutual violated Texas's bad faith statute, codified at Chapter 541 of the Texas Insurance Code. (*Id.* at 8–9). Finally, Odom alleges that Central Mutual owes her attorneys' fees. (*Id.* at 10).

### A. BREACH OF CONTRACT

Odom first alleges that "Central Mutual breached the terms of [her] contract by wrongfully denying and/or underpaying [her] claim[.]" (Dkt. No. 1 at 8). Central Mutual responds that it cannot be in breach because it has paid Odom's appraisal award in full. (Dkt. No. 23 at 7). Odom failed to respond to this argument. The Court agrees with Central Mutual.

In Texas,[2] "an enforceable appraisal award, like the one issued in this case, is binding on the parties with respect to that amount." *Ortiz v. State Farm Lloyds*, 589 S.W.3d 127, 132 (Tex. 2019). Once an insurer pays the appraisal award, a breach of contract claim

---

[2] No party disputes that Texas law applies. "In diversity cases," the Fifth Circuit "appl[ies] the law of the forum state to determine which state's law applies." *Mumblow v. Monroe Broadcasting, Inc.*, 401 F.3d 616, 620 (5th Cir. 2005); *see also Mack v. John L. Wortham & Son, L.P.*, 541 Fed. App'x 348, 362 (5th Cir. 2013) (per curiam) ("Because breach of contract is a state law claim, Texas law applies.").

5

based on any allegations of pre-appraisal underpayment is foreclosed. *Id.* In this case, "[h]aving invoked the agreed procedure for determining the amount of loss, and having paid that binding amount, [Central Mutual] complied with its obligations under the policy." *Id.* at 133. As such, Central Mutual did not breach the contract and is entitled to judgment as a matter law on this claim.

### B. BAD FAITH

Odom also alleges various bad faith claims under Chapter 541 of the Texas Insurance Code. (Dkt. No. 1 at 8–9). As before, Central Mutual argues that payment of Odom's appraisal award precludes any bad faith claims. (Dkt. No. 23 at 8). And again, Odom failed to respond.

In Texas, "bad faith claims must be premised on actual damages separate from policy benefits that have already been paid pursuant to the appraisal process." *Dunne v. Allstate Vehicle & Property Ins. Co.*, No. 4:18-CV-04519, 2020 WL 130101, at *2 (S.D. Tex. 2020) (citing *Ortiz*, 589 S.W.3d at 134–35). "Unless [Odom] can show actual damages separate from the policy benefits [Central Mutual] paid, judgment for [Central Mutual] must be rendered." *Id.* Here, Odom has not alleged any facts, let alone a genuine and material issue of fact, as to whether damages separate from the policy benefits exist. Central Mutual has paid all policy benefits to which Odom is entitled, and as such, Central Mutual is entitled to judgment as a matter of law on Odom's bad faith claims.

### C. PROMPT PAYMENT OF CLAIMS

Odom next alleges that Central Mutual's failure to timely accept or deny coverage entitles her to additional interest under the Texas Prompt Payment of Claims Act

6

("TPPCA"), codified at Section 542 of the Texas Insurance Code. (Dkt. No. 1 at 8, 10). Central Mutual disputes Odom's claim for additional interest arguing that she has already received an interest payment in excess of what would be recoverable under the TPPCA. (Dkt. No. 23 at 8–17). In response, Odom offers a detailed model of interest she contends is owed. (Dkt. No. 31 at 11–18). Odom has raised a genuine issue of material fact regarding the amount of interest owed to her.

The TPPCA "imposes procedural requirements and deadlines on insurance companies to promote the prompt payment of insurance claims." *Barbara Techs. Corp. v. State Farm Lloyds*, 589 S.W.3d 806, 812 (Tex. 2019) (citing Tex. Ins. Code § 542.054). The TPPCA provides in pertinent part:

> Except as otherwise provided, if an insurer, after receiving all items, statements, and forms reasonably requested and required under Section 542.055, delays payment of the claim for a period exceeding the period specified by other applicable statutes or, if other statutes do not specify a period, for more than 60 days, the insurer shall pay damages and other items as provided by Section 542.060.

Tex. Ins. Code. § 542.058. With respect to the "other items," namely the obligation to pay interest, Section 542.060 provides:

> (a) Except as provided by Subsection (c), if an insurer that is liable for a claim under an insurance policy is not in compliance with this subchapter, the insurer is liable to pay the holder of the policy or the beneficiary making the claim under the policy, in addition to the amount of the claim, interest on the amount of the claim at the rate of 18 percent a year as damages, together with reasonable and necessary attorney's fees. . . .
>
> (b) If a suit is filed, the attorney's fees shall be taxed as part of the costs in the case.

> (c) In an action to which Chapter 542A applies, if an insurer that is liable for a claim under an insurance policy is not in compliance with this subchapter, the insurer is liable to pay the holder of the policy, in addition to the amount of the claim, simple interest on the amount of the claim as damages each year at the rate determined on the date of judgment by adding five percent to the interest rate determined under Section 304.003, Finance Code, together with reasonable and necessary attorney's fees. . . . Interest awarded under this subsection as damages accrues beginning on the date the claim was required to be paid.

Tex. Ins. Code § 542.060.

"To prevail under a claim for TPPCA damages under section 542.060, the insured must establish: (1) the insurer's liability under the insurance policy, and (2) that the insurer has failed to comply with one or more sections of the TPPCA in processing or paying the claim." *Barbara Techs. Corp.*, 589 S.W.3d at 813. Unlike breach of contract or extra-contractual claims, the use of the appraisal process does not "excuse an insurer from liability for TPPCA damages if it was liable under the terms of the policy but delayed payment beyond the applicable statutory deadline[.]" *Id.* at 819.

In this case, the Parties do not dispute Central Mutual's liability under the insurance policy or Central Mutual's delay in processing and paying at least part of Odom's claim. Rather, the Parties contest whether Odom is entitled to interest in excess of the $3,655.83 already paid. Central Mutual argues that since it paid Odom all the interest "that could possibly be recover[ed]" under the TPPCA, summary judgment should be entered on "Odom's claim for interest." (Dkt. No. 23 at 17). Odom argues that Central Mutual has miscalculated the interest by using the wrong underlying amount

8

upon which interest is due, the wrong interest rate, and the wrong accrual date; therefore, she is entitled to far more interest than what has been paid. (Dkt. No. 31 at 11–13).

Under Texas law, an insurer that violates the TPPCA may still be entitled to summary judgment if it paid the insured the full amount of interest that the insured could claim under the TPPCA. *See Quibodeaux v. Nautilus Ins. Co.*, 655 Fed. App'x 984, 989 (5th Cir. 2016); *see also White v. Allstate Vehicle & Prop. Ins. Co.*, No. 6:19-CV-00066, 2021 WL 4311114, at *8 (S.D. Tex. Sept. 21, 2021) (granting summary judgment when the insured was paid penalty interest to which she would be entitled if the insurer was found liable under the TPPCA); *Trujillo v. Allstate Vehicle & Prop. Ins. Co.*, No. 4:19-CV-03992, 2020 WL 6123131, at *5 (S.D. Tex. Aug. 20, 2020) (same). Courts make a distinction between when an insurer makes an interest payment in *settlement* of an insured's TPPCA claim and when an insurer makes a payment of *all conceivable interest owed* resulting in the extinguishment of any TPPCA cause of action. *Compare Martinez v. Allstate Vehicle & Prop. Ins.*, No. 4:19-CV-02975, 2020 WL 6887753, at *2 (S.D. Tex. Nov. 20, 2020) (finding that the court is not entitled to dismiss a TPPCA claim absent evidence of a mutual intent to settle that claim) *and Ahmad v. Allstate Fire & Cas. Ins. Co.*, No. 4:18-CV-04411, 2021 WL 2211799, at *4–5 (S.D. Tex. June 1, 2021) (same) *with Abundis v. Allstate Tex. Lloyd's*, 494 F.Supp.3d 442, 449 (S.D. Tex. 2020) *and White*, 2021 WL 4311114, at *21 (holding that summary judgment was proper where the insurer paid the full amount of interest the insured could claim under the TPPCA). In this case, the latter applies because Central Mutual asserts that it has paid Odom all the interest that could possibly be recovered.

9

*Royal Hospital Corp. v. Underwriters at Lloyd's London* is helpful in resolving this dispute. No. 3:18-CV-00102, 2022 WL 17828980 (S.D. Tex. Nov. 14, 2022). In *Royal*, the plaintiff filed claims under its insurance policy to recover damages sustained during Hurricane Harvey. *Id.* at *1. When the claim was initially denied, the plaintiff sent the insurance company a demand letter stating that it intended to file suit if the claim was not paid. *Id.* When the parties' attempt to mediate failed, the *Royal* court ordered the parties to begin the appraisal process. *Id.* Upon completion of the appraisal, the insurance company tendered two checks. *Id.* The first check represented the total appraisal award, and the second check represented "all interest that could possibly be owed to Royal under the Texas Prompt Payment of Claims Act." *Id.* at *2 (alteration removed). The insurance company then moved for summary judgment on all of plaintiff's claims, including its claim for interest under the TPPCA.

The *Royal* court held "that whether a tendered payment of interest under Chapter 542 moots any claim of damages under that section rests on plaintiff's burden to suggest that a greater amount of interest was owed. In the absence of any evidence or argument to the contrary . . . the court treats as an undisputed fact that the insurer has paid any interest it might have owed." *Id.* at *9 (cleaned up) (citing *Abundis*, 494 F.Supp.3d at 448). Because the plaintiff in *Royal* failed to raise a genuine issue of material fact that it was entitled to any more interest than what the insurer tendered, the *Royal* court granted the insurer's motion for summary judgment.

Here, unlike in *Royal,* the Court holds that Odom has raised a genuine issue of material fact that she is entitled to more interest than what Central Mutual has paid. In

*Royal*, the plaintiffs did not demonstrate that a greater amount of interest was owed by the insurer. By contrast, Odom presents the entire calculation and argues that at the very least, she is owed an additional $10,593.37. (Dkt. No. 31 at 14). Odom argues that Central Mutual's calculation is flawed, because it uses the wrong accrual date, interest rate and underlying amount upon which interest should be calculated. (*Id.*) Because there is a genuine issue of material fact as to how much interest Odom is entitled to, Central Mutual's Motion for Summary Judgment on Odom's TPPCA claim must be denied.

### D.  ATTORNEYS' FEES

Last, Odom alleges that Central Mutual is responsible for her attorneys' fees. (Dkt. No. 1 at 10). Central Mutual argues that since Odom is not entitled to any additional payments or interest, her claim for attorneys' fees fails as a matter of law. (Dkt. No. 23 at 17–19). Because the Court has held that there exists a genuine issue of material fact as to whether Odom is entitled to additional interest on her claim, the Court may not reach Odom's attorneys' fees claim at this time. *See Gonzalez v. Allstate Fire & Cas. Ins. Co.*, No. SA-18-CV-00283-OLG, 2019 WL 13082120, at *6–7 (W.D. Tex. Dec. 2, 2019). The Court will address this issue after the resolution of whether Odom is entitled to additional interest. As such, summary judgement is not proper on Odom's attorneys' fees claim.

## IV.  CONCLUSION

Considering the foregoing analysis, the Court **GRANTS IN PART** and **DENIES IN PART** Central Mutual's Motion for Summary Judgment , (Dkt. No. 23). Odom's breach of contract and extra-contractual bad faith claims are **DISMISSED WITH**

**PREJUDICE**.  Odom's claims for interest under the Texas Prompt Payment of Claims Act and attorneys' fees remain.

It is SO ORDERED.

Signed on March 31, 2023.

_____
**DREW B. TIPTON**
**UNITED STATES DISTRICT JUDGE**